FILED
SUPERIOR COURT
OF GUAM

2023 OCT 12 PM 1: 16

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**JULIO MEIKAWIN aka Christ Joshua Wenei aka Christ Wenei aka Julio Melkawin aka Joshua Wenei aka Junior Meikawin,**<br><br>Defendant. | **CRIMINAL CASE NO. CM0134-23**<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on September 26, 2023, for hearing on Defendant **JULIO MEIKAWIN aka Christ Joshua Wenei aka Christ Wenei aka Julio Melkawin aka Joshua Wenei aka Junior Meikawin's** ("Defendant") Motion to Dismiss Due to Civil Compromise. Present were Defendant with counsel, Assistant Public Defender William C. Bischoff and Assistant Attorney General Matthew Shuck on behalf of the People of Guam. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On April 11, 2023, Defendant was charged with two counts of Violation of a Court Order (As a Misdemeanor). (Magistrate's Compl., Apr. 11, 2023). On March 7, 2023, a month prior, Defendant was released with conditions in Criminal Case No. CM0091-23 after being charged with two counts of Family Violence (As a Misdemeanor) against Ms. Tairin Atesom.

(Magistrate's Compl. In CM0091-23, Mar. 7, 2023). Defendant was ordered "to stay away from, and have no contact with the victim(s) [Tairin Atesom], either in person, through a third party, by telephone or letter, email, text or any electronic devices" and to "stay away from the victim(s), his/her/their residence, dwelling, place of employment, school, day care center, establishment, or any family or social function." (Order of Conditional Release and Appearance Bond in CM0091-23, Mar. 7, 2023). In this case, Defendant is charged with violating the stay away order in CM0091-23 on April 10, 2023 on two occasions. (Decl. of Renaida San Nicolas, Magistrate's Compl., Apr. 11, 2023). Defendant is alleged to have arrived at Ms. Atesom's workplace at 2:00 a.m. and tried to talk to her and that later in the day, around 2:00 p.m., he was found within her home by her daughter. *Id.*

On August 17, 2023, Defendant filed the instant Motion. Attached to the Motion is a Declaration from the alleged victim, Ms. Atesom, acknowledging that she has received satisfaction for her injury. (Decl. of Tairin Atesom ¶ 4, Mot. Civil Compromise Ex. 1). On August 30, 2023, the Government filed its Opposition. On September 26, 2023, the Court heard additional arguments from the parties and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to dismiss this matter because he and the alleged victim have reached a civil compromise under 8 G.C.A. § 80.90. *See generally,* Mot. Civil Compromise, Aug. 17, 2023.

Under Guam law:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 G.C.A. § 80.90.

Here, it is undisputed that Defendant was charged with misdemeanor offenses and no felonies. The Court, however, is concerned with the offense Defendant is charged with — Violation of a Court Order — and does not necessarily find that said offense has a corresponding civil remedy with civil trespass and/or harassment as Defendant is alleged to have been in violation of orders set by the court, which remain in place until otherwise adjusted by the court. Further, while section 80.90 does not explicitly state that the statute is inapplicable to charges of violation of a court order, California law, which served as the basis for Guam's civil compromise statute, excludes violation of a court order charges from its civil compromise statute. *See* 8 G.C.A. § 80.90, Note; Cal. Pen. Code §§ 1377, 1378. California Penal Code Section 1377 provides:

> When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in section 1378, *except* when it is committed as follows:
> (a) By or upon an officer of justice, while in the execution of the duties of his or her office.
> (b) Riotously.
> (c) With an intent to commit a felony.
> *(d) In violation of any court order as described in Section 273.6 or 273.65.*
> (e) By or upon any family or household member, or upon any person when the violation involves any person described in Section 6211 of the Family Code or subdivision (b) of Section 13700 of this code.
> (f) Upon an elder, in violation of Section 368 of this code or Section 15656 of the Welfare and Institutions Code.
> (g) Upon a child, as described in Section 647.6 or 11165.6.

Cal. Pen. Code § 1377 (emphasis added).[1] In California, the legislative purpose of civil compromise is to remove from criminal prosecution offenses for which there is an adequate civil

---

[1] Section 273.6 provides in relevant part:

(a) Any intentional and knowing violation of a protective order, as defined in Section 6218 of the Family Code, or of an order issued pursuant to Section 527.6, 527.8, or 527.85 of the Code of Civil Procedure, or Section 15657.03 of the Welfare and Institutions Code, is a misdemeanor punishable by a fine of not more than one thousand dollars ($1,000), or by imprisonment in a county jail for not more than one year, or by both that fine and imprisonment.

remedy instead of "subjecting the accused to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (Cal. App. 1986). Appropriate factors for the Court to consider include: (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *People v. Moulton*, 182 Cal. Rptr. 761, 767-68 (Cal. App. 1982).

The Court recognizes that unlike California, Guam did not enact the specific prohibition of violation of court order cases from the civil compromise statute. However, the rational of prohibition exists not only because it is difficult to determine whether or not an alleged victim actually received satisfaction for the injury, but because the prosecution of violation of court order cases is of interest to the public. The stay away order Defendant is alleged to have violated stems from a family violence matter. Family violence cases frequently involve victims who, because of their status or relationship to the defendant, may be unduly influenced to civil compromise. Thus, civil compromise of violation of court order matters does not present "circumstances such

---

(b) In the event of a violation of subdivision (a) that results in physical injury, the person shall be punished by a fine of not more than two thousand dollars ($2,000), or by imprisonment in a county jail for not less than 30 days nor more than one year, or by both that fine and imprisonment. However, if the person is imprisoned in a county jail for at least 48 hours, the court may, in the interest of justice and for reasons stated on the record, reduce or eliminate the 30-day minimum imprisonment required by this subdivision. In determining whether to reduce or eliminate the minimum imprisonment pursuant to this subdivision, the court shall consider the seriousness of the facts before the court, whether there are additional allegations of a violation of the order during the pendency of the case before the court, the probability of future violations, the safety of the victim, and whether the defendant has successfully completed or is making progress with counseling.

(c) Subdivisions (a) and (b) shall apply to the following court orders:

(1) Any order issued pursuant to Section 6320 or 6389 of the Family Code.

(2) An order excluding one party from the family dwelling or from the dwelling of the other.

(3) An order enjoining a party from specified behavior that the court determined was necessary to effectuate the order described in subdivision (a).

(4) Any order issued by another state that is recognized under Part 5 (commencing with Section 6400) of Division 10 of the Family Code.

Cal. Penal Code § 273.6.

---

*People v. Meikawin*
Case No. CM0134-23
Decision and Order

that through private settlement the public is fully vindicated." *Moulton*, 182 Cal. Rptr. at 768. Accordingly, the Court declines to allow this matter to be civilly compromised and denies Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Civil Compromise. Parties shall return for a Status Hearing on **November 14, 2023** at **10:30 a.m.**

**IT IS SO ORDERED** this 10TH day of October, 2023.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, POSC

Date: 10/12/23 Time: 1:22 pm
Antonio R. Cruz
Deputy Clerk, Superior Court of Guam

*People v. Meikawin*
Case No. CM0134-23
Decision and Order